*Wilson & Hobson, for appellant.*

---

H. A. DUMESNIL ET AL. *v.* CITY OF LOUISVILLE.

[Kentucky Law Reporter, Vol. 2—429.]

**Right of Plaintiff to Dismiss His Action.**

 As long as no final judgment is pronounced and the chancellor retains control over a pending action, the plaintiff may dismiss his entire action at his costs.

**Life Estate Liable for Taxes.**

 The life tenant has the right to the enjoyment of the estate and

is liable for the taxes on the estate, and the interest of the remain-
derman can not be sold for taxes until the estate of the life tenant is
exhausted; and before the fee simple is liable for sale it must appear
that the life estate is insufficient and that the life tenant has no
other property out of which the taxes could be made.

## APPEAL FROM LOUISVILLE CHANCERY COURT.

### May 28, 1881.

OPINION BY JUDGE PRYOR:

In this case, at a subsequent term from that at which the
judgment was rendered, the plaintiff in the court below (appel-
lee) came into court, and on its own motion dismissed the action
without prejudice, and permitted a judgment for costs to be en-
tered for the appellants. Whether this power existed so as to
prejudice the rights of the appellants it is not necessary to de-
termine. It is certain, in a judgment settling the rights of the
parties, that a plaintiff in an action would have no right to have
an order disturbing the final adjudication, without the consent
of the defendant. But in this case the plaintiff has done what
the appellant is asking the court to do. It has, in effect, con-
fessed the errors and annulled its judgment by entering an order
dismissing the entire action. The court reserved the right to
modify the judgment upon the report of the commissioner for
the purpose of determining what lot should be sold, and it may
well be doubted whether the judgment was final; but whether so
or not, while this power of the chancellor had been retained over
the case, the plaintiff came in and dismissed the entire action at
its costs, and there is now no action pending nor judgment to
appeal from. The dismissal cancelled the judgment and left the
parties in the same condition they were in with reference to the
taxes before any suit was instituted. The appeal is therefore
dismissed at appellant's costs, on the ground that there is no
judgment to appeal from.

In case 193, the chancellor, at the time the cross-petition of
the city was filed, had no jurisdiction to sell the real estate for
the payment of taxes, and besides, if the jurisdiction subse-
quently attached, the life tenants were liable for the taxes, and
that interest should have been subjected, and not the interest of
the infants. The remaindermen had neither rents nor profits, nor

the right to the enjoyment of the estate; and we see no justice or equity in having the interest of the party in remainder sold until the estate of the life tenant is exhausted. Nor will the allegation that the life estate is insufficient authorize a sale of the remainder. It must appear that the life tenant has no other property out of which the taxes could be made. The tenant for life is primarily liable, and why should the chancellor subject the estate of the remainderman to the payment of the taxes when the party primarily liable is able to pay, and especially when those in remainder are infants or married women, and when no possible injury can result therefrom to the city?

The fact that the statute authorizes the payment of taxes in such cases will not justify the commissioner in reporting that fact, unless it appears that all the steps have been taken in order to create the incumbrance or liability. The proper averments must be shown—the ordinance and its publication—so that the court may know that the estates of infants or married women ought to be made liable. In this case the city has appeared and pleaded, asserting its claim to the taxes alleged to be due, and, although at the instance of the parties seeking to subject the property or to sell for reinvestment, it must affirmatively appear that the lien exists; and to show this, all the steps necessary to create the liability must be alleged and proved. It has not been done in this case. The failure to allege publication of the ordinance is itself fatal.

Judgment *reversed* and cause remanded for further proceedings.

*Woolley & Duvall, for appellants.*

*H. M. Lane, for appellees.*

[Cited, *Fenly v. Louisville,* 119 Ky. 569, 27 Ky. L. 204, 84 S.W. 582.]